NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2561-15T3

IN THE MATTER OF APPEAL OF
THE DECISION OF THE FRANKLIN
TOWNSHIP ETHICS BOARD (SOMERSET
COUNTY) IN FTEB COMPLAINT #11-01.
___________________________________

 Argued October 19, 2017 – Decided November 14, 2017

 Before Judges Simonelli, Haas and Rothstadt.

 On appeal from Department of Community
 Affairs, Local Finance Board, Complaint # 13-
 024.

 Jeff Carter, appellant, argued the cause pro
 se.

 Bruce W. Padula argued the cause for
 respondent James Wickman (Cleary Giacobbe
 Alfieri Jacobs, LLC, attorneys; Mr. Padula and
 Jaclyn M. Kavendek, on the brief).

 Melanie R. Walter, Deputy Attorney General,
 argued the cause for respondent Local Finance
 Board (Christopher S. Porrino, Attorney
 General, attorney; Melissa Dutton Schaffer,
 Assistant Attorney General, of counsel; Ms.
 Walter, on the brief).

PER CURIAM
 Appellant Jeff Carter appeals from the January 13, 2016

decision of the Local Finance Board of the Department of Community

Affairs (Board), which determined that respondent James Wickman

did not violate the Local Government Ethics Law, N.J.S.A. 40A:9-

22.1 to -22.25, by voting to approve a settlement of a lawsuit in

which he was a defendant. On appeal, Carter, Wickman, and the

Board have all asserted that the Board did not have a quorum when

it rendered its decision.1 We agree.

 In view of our resolution of this appeal, we need only briefly

recite the pertinent facts and procedural history. Wickman was a

member of the Board of Fire Commissioners in Fire District #1 in

Franklin Township. In August 2011, Carter filed a complaint with

the Franklin Township Ethics Board (FTEB) alleging that Wickman

improperly participated in the Board of Fire Commissioners'

decision to approve a settlement of a lawsuit in which four of the

Board's five commissioners, including Wickman, were named as

1
 Carter argues in Point XII of his brief that the Board's "final
decision is ultra vires due to an insufficient quorum pursuant to
N.J.S.A. 40A:9-22.9." In Point III of his brief, Wickman asserts
that the matter must "be remanded to the [Board] because of a lack
of quorum." Finally, the Board filed a motion with this court
before the matter was fully briefed, seeking a remand because it
did not a quorum when it rendered the January 13, 2016 decision.
We issued an interlocutory order denying that motion, but revisit
the issue now after considering the parties' merits briefs and
oral argument.

 2 A-2561-15T3
defendants.2 Following a public hearing, the FTEB found that

Wickman violated the ethics code and fined him $250.

 Wickman appealed this decision to the Board, which remanded

the matter to the FTEB because that agency had failed to "provid[e]

a legal analysis supporting" its decision. However, the Franklin

Township Council dissolved the FTEB before it could reconsider the

matter and, therefore, the Board resumed jurisdiction of Carter's

appeal. The Board reviewed the record developed before the FTEB

and, on January 13, 2016, rendered a written decision reversing

the FTEB's decision, and concluding that Wickman did not violate

either N.J.S.A. 40A:9-22.5(c) or (d) of the Local Government Ethics

Law. Only four Board members participated in this decision.

 The Board consists "of the Director of the Division of Local

Government Services as chair[person] and seven members appointed

by the Governor by and with the advice and consent of the Senate."

N.J.S.A. 52:27D-18.1. When "render[ing] a decision as to whether

the conduct of [an] officer or employee is in conflict with the

provisions of [the Local Government Ethics Law, the] decision

2
 The lawsuit was filed by Carter's sister. She also named the
Board of Fire Commissioners and the Millstone Valley Fire
Department as defendants. The complaint did not specify whether
the four commissioners were sued in their individual or official
capacities.

 3 A-2561-15T3
shall be made by no less than two-thirds of all members of the

[B]oard." N.J.S.A. 40A:9-22.9 (emphasis added).

 It is well established that statutes like N.J.S.A. 40A:9-22.9

that "define a quorum as a majority or larger percentage of 'all

the members' or of 'the authorized membership,' or words to that

effect, must . . . be read as requiring a fixed number of members

which remains constant despite any vacancies." N.J. Election Law

Enf't Comm'n v. DiVincenzo, 445 N.J. Super. 187, 200 (App. Div.

2016) (quoting 1991 Formal Op. Att'y Gen. N.J. No. 3 (May 7,

1991)); see also Ross v. Miller, 115 N.J.L. 61, 64 (1935)

(explaining that "use of the phrase 'a majority of all the members'

of the councilmanic body, both in relation to the number

constituting a quorum and in prescribing the requisites of valid

action, [means] . . . the full membership commanded by the act,

and not a reduced body, however occurring").

 Thus, because N.J.S.A. 40A:9-22.9 states that Board decisions

on ethics issues must "be made by no less than two-thirds of all

members of the [B]oard," at least six of the Board's eight

statutorily-commanded members had to participate in the decision

it rendered in this case. However, only four Board members

considered Carter's appeal.

 Because the Board acted with only four voting members present

when rendering the January 13, 2016 decision, the decision is

 4 A-2561-15T3
void. Therefore, we vacate the Board's decision and remand the

matter to the Board for further proceedings.3

 Vacated and remanded. We do not retain jurisdiction.

3
 In light of this determination, we do not reach the other
arguments presented by the parties on appeal.

 5 A-2561-15T3